# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 12-24053-CIV-KING

PIETER BAKKER,

       Plaintiff,

v.

TOWN OF SURFSIDE, a municipal
corporation of the State of Florida and
YOUNG ISRAEL OF BAL HARBOUR, INC.,

       Defendants.

_____/

## FINAL ORDER OF DISMISSAL FOR
## LACK OF SUBJECT MATTER JURISDICTION

**THIS MATTER** comes before the Court upon Defendant Town of Surfside's

Motion to Dismiss the First Amended Complaint (DE #24), filed April 15, 2013. The

Court, being briefed on the matter,[1] finds that the Motion should be granted.

### I. BACKGROUND

At its heart, the above-styled action concerns Plaintiff's objections to the

settlement stipulation Defendant Town of Surfside ("Surfside") and Defendant Young

Israel of Bal Harbour, Inc. ("Young Israel") entered into in a case to which Plaintiff was a

non-party. *See Young Israel of Bal Harbour, Inc. v. Town of Surfside*, Case No. 10-

24392-CIV-MARTINEZ (filed Dec. 9, 2010) (the "Original Proceeding"). In the Original

---

[1] Defendant Town of Surfside filed a Response (DE #16) on March 4, 2013. Plaintiff filed a Reply (DE #21) on March 18, 2013.

Proceeding, Young Israel sued Surfside for allegedly violating the federal Religious Land Use and Institutionalized Persons Act ("RLUIPA") by prohibiting Young Israel from building a larger synagogue in excess of zoning restrictions. Young Israel and Surfside entered into the settlement stipulation on February 7, 2012, and non-party Pieter Bakker ("Bakker"), who owns property adjacent to Young Israel's, "appealed [the settlement] by filing a writ of certiorari in state court." (Am. Compl., DE #23, ¶ 15) (citing Case No. 12-17783-CA-04 (the "State Proceeding")). Young Israel responded in the Original Proceeding by filing a Supplemental Complaint against non-party Bakker and moving for a preliminary injunction to prevent Bakker from objecting to the settlement in the State Proceeding. (Original Proceeding, DE #68; #69). Judge Martinez denied the preliminary injunction motion and held that "issues arising from non-parties to the settlement agreement would need to be dealt with by a separate action." (Original Proceeding, DE #82, p. 2 n.1). On September 27, 2012, Judge Martinez entered a Final Order of Dismissal With Prejudice and retained jurisdiction to enforce the terms of the settlement but only as to Young Israel and Surfside.[2] Bakker filed the above-styled action on November 8, 2012, and then the next day he filed in the State Proceeding a Motion to Abate pending the outcome of the above-styled action. (DE #24-1).

The Amended Complaint alleges four causes of action: federal declaratory judgment (Count I), federal civil rights violation (Count II) and state claims for consistency challenge (Count III) and contract zoning (Count IV). Defendant Young

---

[2] Judge Martinez explicitly disclaimed that the court would not have jurisdiction over non-parties to the settlement. (Original Proceeding, DE #86, p. 1 n.1) ("This Order does not reserve jurisdiction as to anyone who is not a party to this action.").

Israel filed Answer to Complaint, Affirmative Defenses and Counterclaim (DE #7) on January 7, 2013. The Counterclaim again seeks against Plaintiff Bakker a preliminary injunction to prevent him from opposing the Original Proceeding settlement stipulation. Plaintiff answered on January 23, 2013. Defendant Surfside subsequently filed the instant Motion, alleging that neither Plaintiff's claims nor Defendant Young Israel's Counterclaim give this Court a basis for jurisdiction. The Court agrees.

## II. LEGAL STANDARD

It is axiomatic that federal courts are courts of limited jurisdiction. "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Friends of the Everglades v. U.S. E.P.A.*, 699 F.3d 1280, 1289 (11th Cir. 2012) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). A claim arises under federal law "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001). If at any point a district court determines that it lacks subject-matter jurisdiction, "the court must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *see also* Fed. R. Civ. Pro. 12(h)(3).

## III. DISCUSSION

In the above-styled action, Plaintiff has failed to allege a federal basis for jurisdiction. Only Counts I and II purport to give rise to federal jurisdiction. But Plaintiff has not pled a sufficient factual basis for Counts I (declaratory judgment) and Count II (civil rights violation). Moreover, for the reasons discussed below, the facts indicate that Plaintiff could not cure this deficiency by re-pleading.

The Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, did not expand federal jurisdiction but merely provides courts with an additional remedy when an independent basis for jurisdiction already exists. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671–72 (1950); *First Federal Sav. & Loan Ass'n v. Brown*, 707 F.2d 1217, 1220 (11th Cir. 1983). "[F]ederal-question jurisdiction exists in a declaratory judgment action if the plaintiff has alleged facts in a well-pleaded complaint which demonstrate that the defendant could file a coercive action arising under federal law." *Household Bank v. JFS Group*, 320 F.3d 1249, 1251 (11th Cir. 2003).

Plaintiff makes three arguments for an underlying federal question providing jurisdiction for his declaratory judgment claim. First, Plaintiff argues that the Court has supplemental jurisdiction over his claim, pursuant to 28 U.S.C. § 1367(a), because it is "so related to claims" in the Original Proceeding, which Judge Martinez had jurisdiction over because of the RLUIPA claim. However, supplemental jurisdiction only applies to claims filed within the same action and involving the same party. This is a separate action and Plaintiff was not a party to the Original Proceeding. Second, Plaintiff argues that the Court has jurisdiction because Young Israel's supplementary complaint in the Original Proceeding and its Counterclaim in the above-styled action demonstrate that at least one of the defendants could file against Plaintiff a coercive action arising under federal law. Yet this argument also is unavailing. Young Israel was not permitted to join Bakker as a third-party in the Original Proceeding, and a plain reading of the Counterclaim in this action fails to raise a federal cause of action under the well-pleaded complaint rule. Finally, Plaintiff argues that the Court has ancillary jurisdiction because Judge Martinez

retained jurisdiction to enforce the settlement between the parties. This argument also fails for several reasons. Specifically, "ancillary jurisdiction typically involves claims by a defending party haled into court against his will, or by another person whose rights might be irretrievably lost unless he could assert them in an ongoing action in a federal court" and does not encompass all claims that a plaintiff wishes to bring. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 376 (1978). Additionally, none of the cases that Plaintiff cites suggest that ancillary jurisdiction creates perpetual jurisdiction over every state-law challenge brought by a non-party to a settlement. Therefore, Count I cannot serve as a basis for federal jurisdiction.

Count II is based on Plaintiff's claim that the settlement stipulation in the Original Proceeding violated his procedural due process by depriving him of his civil rights without the opportunity to be heard. To plead a procedural due process claim, Plaintiff must allege that he was: (1) deprived of (2) a constitutionally protected property interest (3) without constitutionally sufficient safeguards and (4) that state law fails to provide an adequate post-deprivation remedy. *Zipperer v. City of Fort Myers*, 41 F.3d 619, 623 (11th Cir. 1995); *Cotton v. Jackson*, 216 F.3d 1328, 1330–31 (11th Cir. 2000).

Regardless of the first three elements, Plaintiff's claim that he was deprived of procedural due process must fail. It is undisputed that Plaintiff's State Proceeding is pending. Thus, Plaintiff has not exhausted his state law post-deprivation remedies, and he cites no Eleventh Circuit case permitting a procedural due process claim despite available state law remedies. To the contrary, the law in the Eleventh Circuit prohibits "a federal procedural due process claim if adequate state remedies were available." *Donnell v. Lee*

*County Port Authority*, 2013 WL 563168, at *1 (11th Cir. Feb. 15, 2013); *see also Wells v. Columbus Tech. College*, 2013 WL 692737 (11th Cir. Feb. 27, 2013). Merely alleging that a state court judge would be "hesitant" to criticize the settlement approved in the Original Proceeding by a federal judge is insufficient to establish that state law remedies are inadequate. Therefore, Count II cannot serve as a basis for federal jurisdiction.

## IV. Conclusion

Accordingly, after careful consideration and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED,** and **DECREED** that Defendant Town of Surfside's Motion to Dismiss the First Amended Complaint (**DE #24**) be, and is hereby, **GRANTED**. The case is **DISMISSED with prejudice** due to this Court's lack of subject matter jurisdiction. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this _10th_ day of July, 2013.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

**Cc: All Counsel of Record**